

# The Attorney General of Texas

March 14, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave , Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-146

Re: Claim for over 65 homestead exemption under Property Tax Code.

Dear Mr. Resweber:

You ask the following question concerning the homestead exemption from the ad valorem tax:

> Under the new Property Tax Code, may the county tax assessor accept a claim for an over-65 homestead exemption which is not filed between January 1 and March 31, both inclusive, of the year for which such exemption is claimed?

Article VIII, section 1-b(b) of the Texas Constitution provides in part:

> ... the governing body of any county, city, town, school district, or other political subdivision of·the State may exempt by its own action not less than Three Thousand Dollars ($3,000) of the market value of residence homesteads ... of married or unmarried persons sixty-five (65) years of age or older, including those living alone, from all ad valorem taxes thereafter levied by the political subdivision.

Section 11.43 of the new Property Tax Code provides that persons claiming an exemption must apply for it before April 1. If he fails to file timely a completed application form, this section provides that he may not receive the exemption for that year.

In Attorney General Opinion H-548 (1975), this office considered whether a school district could require by resolution that persons of 65 and over claim the homestead exemption by a certain date. The opinion noted that article VIII, section 1-b of the Constitution "is absolute in terms. Once a political subdivision elects to grant a homestead exemption for persons 65 years of age or older, at least $3,000 of the assessed value of the subject

property is exempt." The opinion concluded that once the homestead exemption has been granted, subsequent action which operates to deprive a taxpayer of the benefits of the exemption results in the taxation of exempt property. Neither the political subdivision nor the legislature has power to do this. Lower Colorado River Authority v. Chemical Bank and Trust Co., 190 S.W.2d 48 (Tex. 1945). See also Attorney General Opinions H-309 (1974); O-6842 (1945). While a cutoff date may be enacted for administrative purposes, as for example in determining the deadline for inclusion in the tax statement to be sent to the taxpayer by October 1, the deadline may not operate to nullify the benefits of the homestead exemption. Consequently, the county tax assessor may not refuse a claim for an over-65 homestead exemption even though it was not filed before April 1 of the year for which the exemption is claimed.

## SUMMARY

Under the new Property Tax Code the county tax assessor may accept a claim for an over-65 homestead exemption which is not filed before April 1 of the year for which the exemption is claimed. The deadline found in section 11.43 of the Property Tax Code may not be applied to deny the homestead tax exemption granted by a county pursuant to article VIII, section 1-b of the Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood